George A. Reed, J.
This is an appeal from an order of the Canandaigua City Court (Avery, J.) which dismissed the information herein. In addition to the record on appeal, this court heard oral argument on the appeal which contained statements of fact which are not controverted and which the court considers in addition to the record on appeal.
*1047 The proceeding in the city court was adjourned twice while the prosecution and the defense investigated and discussed the case. On the adjourned date, the Assistant District Attorney, for personal reasons, failed to appear. Neither he nor his office notified either the city court or defense counsel that he could not appear. When this case was called and the District Attorney failed to appear, defense counsel advised the city court that a plea was being discussed. The city court again adjourned the case. Neither the city court nor defense counsel notified the prosecution of the adjournment. The Assistant District Attorney did not communicate with either the city court or defense counsel to ascertain what had occurred on the day when first he failed to appear.
On the final adjourned date, the Assistant District Attorney again failed to appear. His only excuse this time was that he was unaware of the adjournment and the date. On this occasion, the city Judge inquired of defense counsel if he wished to move for dismissal. Upon receiving an affirmative response, the city court dismissed the information. No specific grounds were stated.
The People appeal arguing that the dismissal required a prior written notice under the Criminal Procedure Law and that the failure to proceed did not constitute a denial of a speedy trial. The statutory rules respecting speedy trial are not determinative of the issue.
"Discretion may be exerciséd to dismiss a case if the dismissal is in the interest of justice because of ‘some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice.’ An example of a dismissal in the interests of justice is when a court dismisses for failure of the district attorney in timely prosecuting a Charge, although that failure does not amount to a denial of a speedy trial.” (Pitler, New York Criminal Practice, under the CPL, p 403, citing CPL 210.40, subd 1; People v Weiss, 61 NYS2d 229.)
The motion to dismiss in the furtherance of justice in the local criminal court is governed by the same requirements as dismissal in a superior court. (CPL 170.40.) Generally, the motion to dismiss must be in writing and on reasonable notice to the People. However, the court is authorized to dismiss on its own motion. Nowhere, in the Criminal Procedure Law, is there an express requirement that the court give either party *1048 notice or submit affidavits. The power of the court to dismiss on its own motion is not circumscribed by the requirement that this prosecution be given written notice. In exercising such power, the court may consider its own calendars and the administrative necessity of disposing of cases to prevent abuse of available court time. Such discretion should be exercised very cautiously but some discretion there must be. Each case must be decided on its merits. In this case, the lower court did not abuse its discretion.